**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL STAFFIERO, | No. CIV S-07-1657-FCD-CMK-P |
|     Petitioner, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| KEN CLARK, et al., | |
|     Respondents. | |

Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2004. On December 4, 2009, petitioner filed a status report informing the court that he has been granted parole and was released from custody on December 3, 2009. The court thereafter issued an order requiring the parties to address whether this action is now moot given petitioner's release on parole in December 2009. Pending before the court are the parties' briefs.

/ / /

/ / /

/ / /

/ / /

The parties agree that, in general, this court cannot issue a decision in a case which has become moot. See Iron Arrow Honor Society v. Heckler, 464 U.S. 67 (1983); see also Murphy v. Hunt, 455 U.S. 478 (1982). Petitioner contends that this case is not mooted by his December 2009 release because he seeks both release from custody to parole (which has happened) and a release from any and all conditions of parole (which has not happened). Respondents argue that the case is in fact moot because the only relief this court could grant on petitioner's petition – an order for a new parole suitability hearing – has already been granted and, as such, the controversy is no longer live.

The court agrees with respondents. Petitioner's argument flows from a misconception of the relief this court can or should grant in parole challenge cases. If petitioner is correct and the denial of parole in 2004 was not accompanied by the constitutionally required quantum of substantive due process (e.g., "some evidence"), then all this court would be able to do is order a new suitability hearing upon explanation of the relevant constitutional standard. The court would not be in a position to order release on parole. Under California law, such a determination can only be made upon a showing that the inmate does not pose a current danger to the community. Given that the record in this case is necessarily limited to facts leading up to the denial of parole in 2004, it would be impossible for the court to make any kind of findings as to current dangerousness. Therefore, the court could not order immediate release. Further, California law contemplates that the Board of Prison Terms make the suitability determination, not a federal habeas court.

Therefore, the court concludes that petitioner's release on parole in December 2009 moots the instant challenge to the denial of parole in 2004. See Burnett v. Lampert, 432 F.3d 996, 1001 (9th Cir. 2005) (concluding that habeas petition challenging deferral of parole rendered moot by inmate's release on parole); see also Somers v. Clark, 2010 WL 1416775 (E.D. Cal. 2010); Luna v. Curry, 2010 WL 1027871 (N.D. Cal. 2010); Sena v. Marshall, 2009 WL 2821357 (C.D. Cal. 2009).

1  Based on the foregoing, the undersigned recommends that this action be dismissed as moot.

3  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 6, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE